May it please the Court. I'm Karen Landau, and I represent the appellant, Noel Mendoza. There are two issues raised by this appeal. First, whether the district court abused its discretion in declining to accept Mr. Mendoza's guilty plea because he wouldn't accept, he wouldn't admit that he was predisposed to commit the offense. And then second, which the second issue may be obviated by resolution of the first, whether or notwithstanding that, he, the district court clearly erred in denying a downward adjustment for acceptance of responsibility. Let me ask you this, Ms. Landau. If we agree with you, what do you want us to do? Well, if you agree with me on the first issue, we would, I think the appropriate remedy would be a remand to allow the defendant to re-plead pursuant to the terms of the original plea agreement under which he would get three levels for acceptance of responsibility. To vacate the trial? Vacate the conviction. I mean, he would Suppose he goes back and says, I changed my mind. I don't want to plead guilty anymore. How do we prevent that? Well, that's a good question, and I don't honestly have to think about the answer for a moment. I think you can remand. I mean, this did come up in the Seventh Circuit case of Ray and Beltran. And I think that you can remand with instructions to vacate the conviction in order to allow the defendant to plead guilty pursuant to the terms of the original plea agreement and be resentenced in accordance with that plea agreement. Just thinking it through, could we reverse the order of that and say allow him to go back and plead guilty, and if he does, then at that time the trial is vacated so we don't get into a Well, I don't know that you can do that. I think the proper remedy is to vacate the judgment of conviction, but certainly you can spell out specific instructions such that if he declines to plead guilty, again, under a valid colloquy, because here, of course, we contend, I mean, well, that would not be answering your question, but I think you can spell it out with particular instructions, just as courts do, for example, when a writ of habeas corpus is issued. We can't instruct him to plead guilty. I mean, we can No, you can't, but you can instruct the court. I guess what you're saying is, and I think you could do this, is you could say you would remand with instructions to vacate the conviction if he is willing to plead guilty pursuant to But there would have to be a complete Rule 11 colloquy because it never happened. That's correct. There would. I think that's right. That's right. Because it was cut off before, before he ever The government suggests a whole other approach, and I think this is why Judge Shuffman probably asked the question, and it would be interesting to me to have you comment on it. I mean, they say, well, there was a conviction anyway. And why don't you just drop the count that he wouldn't have pledged to and resentence him and just do it that way? You know, actually, we wouldn't object to that at all. I think the government's suggestion was different. The government's suggestion was that at most he was entitled to a resentencing. And But dropping the count If the count That was not how I read the government's brief, and I may have missed She's nodding, but that is what she meant. But I may have misread it. And actually, the defendant would not object to that sort of a remedy if it was simply remanded to vacate the one count. And that would obviously get him what he wants. So that would be That does the job to vacate the second count, let him read, get his acceptance of responsibility, and recalculate. That's right. I think that restores him to his original position. And that's, I mean, there are, these plea cases have come up in other contexts, too, and that's generally, you know, in the habeas context, it's come up, for example. And that's, you know, that's come up in death penalty cases. And then they, you know, they allow and they've issued the written in a way that allows the defendant to replead and get the original terms of the bargain. Why is, why was your client entitled to present an imperfect entrapment in light of Dickey? Oh, because he was going to plead guilty? In other words? Yeah. Well, I think it's fair to say that Well, again, this is a post-Booker case. So clearly after Booker, regardless of, I mean, there is case law that says, oh, you don't get to raise imperfect entrapment unless you go to, go to trial. And honestly, I'm not really sure how valid that law is. But we've weakened that a lot. Well, we seem to say that pretty clearly in Dickey, and we've repeated it several times. They do. That's right. And it's repeated in McClellan. So why was this an abuse of discretion in light of Dickey? It looks like the district court was compelled to do this because he can't allow you to do it. Well, Your Honor, actually, that's – well, again, this is a post-Booker – I think if you look at the colloquy, this is a post-Booker plea and sentencing. And clearly after Booker and after Rita and Gall and Booker's progeny, the guidelines, you know, regardless of the case law that says, oh, you can't raise imperfect entrapment as grounds for a departure after – unless you go to trial, you certainly can raise it as evidence of mitigation. And if you read the plea colloquy in context, what Mr. Fersman was doing is he made a brief statement to the district court, and he said, well, you know, this is what we're going to raise at sentencing. He was sort of saying, look, my client – my client doesn't have a criminal history. He's not a long-term drug dealer. He's – And he didn't use the phrase imperfect self-defense, as I recall. He did say imperfect entrapment, yes. He did say imperfect entrapment? He did. It's at ER – if you go to – it's at ER 45, Volume 1. He starts out by saying, he said, you know, he talks about how he's never been involved with law enforcement, you know, basically saying my client has a good character. And then he says – counsel says, "...I do not believe that the conduct and the instigation of Mr. Faustino, who was the informant, rises to the level of a defense of legal entrapment, a complete defense, but it will be argued for sentencing purposes in terms of mitigation." And then he goes on to say he doesn't use the phrase. Imperfect self-defense, which I – I mean, imperfect entrapment, which I – Yes, I guess you're right. That's – Which I think is a point in your favor. What he's basically saying is, we're going to explain to the Court how he got into this mess. That's right. Yeah. That's right, Your Honor. And I guess – yeah. I obviously didn't quite follow your question. But – and I think – But is it also true – I think there's some force here, contention, that Post Booker – that Dickey seemed to be premised on concerns about downward departures and matters not taken in combatting violence when maybe in a different ballpark, Post Booker. But we wouldn't have to get to that issue, I take it. Because in any event, the judge – if that was the judge's concern, all he had to do was explain it, right? I mean, if he was concerned that – because that's really not part of a Rule 11 colloquy. It isn't that – that the factual basis was wrong. It's that he might have had something wrong in his head down the line about why he was doing this, and it could have been explained. But it wouldn't – I don't see – I guess my question is, absent such an explanation, why would it be a ground for rejecting the plea? Well, that's correct, Your Honor. And in what didn't happen here – I mean, I think that there are situations where the judge – if it had gone on, the judge might have been justified. There are situations I could see where the judge would have been justified in – for example, if he went down – if he told the defendant of the elements, and the defendant said, well, I didn't intend to commit a crime, then we would have a different situation, or if the defendant couldn't set forth a factual basis that tended to show guilt. But here, what he did instead was he made an executive decision that, well, I think you have a plausible defense, you have to go to trial. And that's – that's really not the judge's decision. That's not part of the Rule 11 colloquy. Roberts. Do you want to save a couple of minutes for a few minutes? Yes, sure. Thank you, Ms. Landau. Good morning. I'm pleased to court Nancy Spiegel for plaintiff-appellee, United States of America. Your Honors, the district court did not abuse its discretion in refusing to accept the guilty plea. And here's why. I think if you read the colloquy very carefully, what the court heard defense counsel as arguing was that his client had been induced, and the court was, in response, saying, if your client is going to later say that he had been induced, then he's better right now admit that he was predisposed, otherwise he has a complete defense of entrapment and I can't take the plea. But he actually said something quite different, though. What he said was, your client isn't willing to say that he was predisposed. Well, right. But in that context, for example, on appellant's excerpt of record bottom of 46 to 47, the court says, I cannot accept a plea if you are going to argue at this point or at some time later that you were induced into committing the crime by a representative working with the government, because that would rise to the level of entrapment. So basically he's saying, you're suggesting now that you're going to come in later and talk about inducement. Because defense counsel does say that the CI, I'll give you the exact language. He's saying, but for the imploring and request of his friend. So he also says clearly, and the defendant says clearly, that I did it voluntarily. And that's the inducement standard for entrapment purposes is essentially your will was overborne, i.e., you didn't do it voluntarily. So it was quite clear that he wasn't saying that, in the technical terms of an entrapment defense. Okay. Well, I think the district court did hear, you know, he didn't have the benefit of the transcript to parse out the words, but I think he did hear a suggestion of inducement. What was the district court worried about? What would have happened had he accepted the plea and then allowed Mendoza to come back during the sentencing phase and say, well, I do want to tell you what the circumstances were, because I want to be able to explain myself. What is the district court worry is going to happen at that point? I think the court is really worried about the validity of the plea. It doesn't want the defendant to come back later and say, look, I didn't like my sentence, and I'm going to now move to withdraw my plea on the grounds that I was really entrapped, and I told you at the plea that I had been induced and I wasn't predisposed, and you let me plead with the enemies. And at that point, then, the district court has to let him out of his plea because he hasn't knowingly gone through it. That's not what would happen. The court would say, look. The evidence is irrelevant. You're not allowed to contradict your plea. So if you have something else in mitigation, put it on, but I'm not going to hear you say you didn't do it. Right. And you admitted all the elements when you pled guilty, so I'm not going to let you withdraw the plea. So it's really not a fairness to the defendant. I mean, you know, is he going to assert entrapment or not? And I think the court heard evidence that suggested he may have a legitimate defense. But how could he have heard that? The court has an obligation not to let him plead after that. When I go through the poll, I'm going to ask you whether you knowingly and voluntarily participate in criminal activity, unless you're voluntarily participating, acknowledge the fact that I cannot accept the plea. So are you prepared to make such an admission to the court? Yes. So what was he hearing? Where was the be – I mean, you can't make up things that's a figment of his imagination. Well, it was from defense counsel's remarks. All right. But this was the defendant, not the defense counsel. Yes. But he said – the court said very clearly, if he's going to – he, the defendant, is going to take the position that he was induced by the government agent to commit the crime and he was not predisposed to commit the activity, based on that, I can't accept the plea from this man. Right. And then he goes on and asks him whether that's true, i.e., did you voluntarily participate, and he says yes. Well, you can voluntarily participate, you know, in the sense of he knew what he was doing, but he still can come back and argue that he was induced to do that. And he does. He keeps saying, but for the urging and cajoling of the C.I., my client wouldn't have done this. And defense counsel never clears it up. He never says, no, Your Honor, we're not going to claim inducement. We're just claiming in mitigation, blah, blah, blah. And so I think the – at the worst case, it was unclear to the court. But he said specifically that the conduct did not raise the loyalty to a level of legal entrapment. That's what he said. Well, but that's the lawyer's conclusion. I mean, it's for the court, in its exercise of discretion, to determine, based on the evidence he's hearing at the change of plea, what that conclusion might be. And I think in the court's – truly, in the court's own mind, he was hearing enough evidence of entrapment that it made sense to accept the plea. And he also said for this court to accept a plea, Mr. Mendoza has to admit that he was, in fact, predisposed. That's wrong, right? It's not true that in order for him to accept the plea, Mendoza has to admit that he was predisposed. Well, that's right. But if he's going to claim inducement later on, then – That's not later on. I mean, that's what the – that's the reason the judge gave for why he wasn't accepting it. He has to admit that he was predisposed. He says he's not going to do that. He says that I can't accept the plea. Well, but really, I mean, his last comment is, if he's going to say he was induced and he was not predisposed, then he can't accept the plea. Actually, his last comment is the one I just read you. That was the last comment. Well, I'm on – I took the record, bottom of page 50 to 51. He's going to take the position that he was induced and he was not predisposed. Counsel, what do we do with Dickey? Is Dickey – is Dickey no longer valid because it's a pre-Boker case? It only deals with downward departures under the guidelines? Well, I think – What's the government's position? I think fairly the government's position is that it doesn't apply because we're not in that world anymore and that defense counsel could argue those factors, you know, in mitigation because the court has much more discretion at sentencing to look at those kinds of factors and consider them. So I don't think that came into play here anyways at all. The government has – if the court has no further questions, the government submits on its brief. Thank you very much, Ms. Spiegel. Ms. Landau, you get the last word. I only have one second on it. You know, the government has argued that essentially the defendant – that during the colloquy, the defendant was arguing he was induced because there was just but-for language. But I don't think it's a fair reading that – you know, the term but-for is not co-equal to inducement. You could have – I mean, but-for has this sort of very broad meaning and, I mean, you can have a completely – you can have a defendant who – I mean, there's but-for. You know, if so-and-so hadn't met somebody else, there wouldn't have been this particular transaction. So in other words, I just don't think that those – that that works. And again, a fair reading of the transcript is that the defense counsel made clear there wasn't adequate inducement here. I'm willing to submit at that. Thanks very much, Ms. Lano. Ms. Spiegel, thank you also. The case just argued is submitted. Good morning. 0750123, United States v. Miranda Lopez. Each side has 10 minutes.
judges: Silverman, Berzon, Bybee